United States District Court
Southern District of Texas

**ENTERED**

December 19, 2024

Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| MOHAMED FALL and NICOLE FALL, | § § § |
| *Plaintiffs*, | § § § |
| v. | § § CIVIL ACTION NO. 4:24-cv-2464 |
| IBRAHIM ABDUR RAHIM | § § § |
| *Defendant*. | § |

### ORDER

Pending before the Court is Defendant Ibrahim Abdur Rahim's ("Defendant") Motion to Dismiss, or alternatively, Motion to Transfer Venue. (Doc. No. 7). Plaintiffs Mohamed Fall and Nicole Fall ("Plaintiffs") responded. (Doc. No. 19). Defendant filed a brief in support of the Motion and a Reply. (Doc. Nos. 8, 21). Having considered the briefings and applicable law, the Court hereby **GRANTS in part** Defendant's motion. (Doc. No. 7).

### I.    Background

This case arose out of injuries allegedly sustained by Plaintiffs in a motor vehicle accident with Defendant. The accident occurred near Jefferson, South Carolina. Plaintiffs allege that, at the time of the accident, they were traveling on a South Carolina highway. (Doc. No. 1-3 at 5). Defendant was operating a tractor owned by his employer, Maverick Transportation, LLC ("Maverick"). (*Id.*). Defendant allegedly failed to stop at a stop sign, pulled out onto the highway, and struck the passenger side of Plaintiffs' vehicle. (*Id.*). This caused Plaintiffs to leave the roadway and overturn their vehicle. (*Id.*).

Plaintiffs filed suit against Defendant and Maverick in the 333rd District Court of Harris County, Texas, seeking to recover for their alleged injuries. (*Id.*). The Texas state court granted

Plaintiffs' motion for nonsuit without prejudice against Maverick. (*Id.* at 22). Defendant timely removed to this Court. (Doc. No. 1). The Court then denied Plaintiffs' motion to remand after finding that it has subject matter jurisdiction.[1] (Doc. No. 23).

Defendant now contests that the Court lacks personal jurisdiction over Defendant, and that claims that venue is improper. As such, Defendant requests that the Court dismiss the matter under Rules 12(b)(2) and 12(b)(3). Alternatively, Defendant requests the Court transfer the case to the United States District Court for the District of South Carolina – Florence Division—the District in which the accident occurred, and the Division in which the Plaintiffs reside.

## II.   Legal Standard and Analysis

Although Defendant seeks dismissal under Rules 12(b)(2) and 12(b)(3), the Court finds that transfer of venue to the District of South Carolina – Florence Division is the proper resolution of Defendant's Motion for the reasons set forth below.[2]

Generally, 28 U.S.C. § 1391 controls a plaintiff's choice of venue. Under that section, a diversity action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391 (b)(1)–(2).

The parties dispute whether this Court is a proper venue under 28 U.S.C. § 1391. As noted above, Section 1391(a) limits the district in which an action may be 'brought.' This action,

---

[1] The Court found that Defendant is a citizen of North Carolina for diversity jurisdiction purposes, Plaintiffs are citizens of South Carolina, and the amount in controversy exceeds $75,000.00.

[2] Fifth Circuit precedent supports transfer of a case pursuant to section 1406(a) or section 1404(a) from a federal court lacking personal jurisdiction to one possessing it, even if the case was removed from a state court that itself lacked personal jurisdiction. *Bentz v. Recile*, 778 F.2d 1026, 1027 (5th Cir. 1985). Thus, even though the Court does not opine whether it has personal jurisdiction over Defendant, transfer is proper because the District of South Carolina surely does. Moreover, the Fifth Circuit has explicitly rejected the argument that a District Court cannot transfer a case without first acquiring personal jurisdiction. *Aguacate Consolidated Mines, Inc. v. Deeprock, Inc.*, 566 F.2d 523 (5th Cir. 1978).

however, was not 'brought' in the District Court. Instead, the action was brought in a state court and removed to the District Court. Venue, therefore, is governed by 28 U.S.C. § 1441. *See Polizzi v. Cowles Mags., Inc.*, 345 U.S. 663, 665–66 (1953). Section 1441(a) expressly provides that the proper venue of a removed action is "the district court of the United States for the district and division embracing the place where such action is pending." The Southern District of Texas is the district embracing Harris County, the county where the state court action was pending prior to removal. Thus, this Court is a proper initial venue.

Although Defendant states that this Court is an improper venue, Defendant seeks, in the alternative, transfer of the case under 28 U.S.C. § 1404.

When considering whether to transfer a case, the initial determination is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). Defendant seeks transfer to the United States District Court for the District of South Carolina – Florence Division. The Court finds that the requested district and division would have been an appropriate venue for Plaintiffs' suit because jurisdiction would have been supportable for each claim on the basis of diversity of citizenship, and venue would have been supportable on the grounds that it was the place where the accident occurred. *See* 28 U.S.C. §§ 1332, 1391. Therefore, the Florence Division of the District of South Carolina satisfies the requirement of § 1404(a), *i.e.*, that it would have been a place where the claims could have been originally filed.

That being said, the Court may now turn to the remaining language of § 1404(a), looking to issues of convenience. Section 1404 provides, in relevant part, that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. 1404(a). The determination

3

of "convenience" turns on a number of private and public interest factors, none of which are given dispositive weight. *Action Indus., Inc. v. U.S. Fidelity & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (citing *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 827 (5th Cir. 1986)). The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981). The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Id.*

The Court finds that the private interest factors weigh in favor of transfer, even though Defendant does not explicitly address the factors.[3]

## A. Private Interest Factors

### i. *Relative Ease of Access to Sources of Proof*

"The first [private-interest] factor focuses on the location of the relevant 'documents and physical evidence' relative to the transferee and transferor venues." *In re Orion Marine Constr., Inc.*, No. 3:20-CV-00309, 2020 WL 8083679, at *3 (S.D. Tex. Dec. 21, 2020) (citation omitted). Neither party addresses the location of relevant documents and physical evidence. Still, this case

---

[3] Plaintiffs contend that Defendant's failure to "properly brief the public and private interest factors should constitute waiver and his requested transfer should be denied." Obviously, adequate briefing is important and good practice, but the Court finds no precedent to support this argument. Plaintiffs cite *Cook v. Pride Petroleum Services* to support their claim. But, the *Cook* court denied the motion to transfer venue because "[n]owhere does the Motion refer to this Court's well established precedent regarding such requests . . . nor does defense counsel even bother with informing the Court as to where he would like this case transferred." *Cook v. Pride Petroleum Servs., Inc.*, 3 F. Supp. 2d 759, 761 (S.D. Tex. 1998). That is not the case here. So long as the Court has sufficient information and evidence to make a proper determination, it is immaterial whether Defendant explicitly addresses each element.

involves claims of negligence resulting from a vehicle accident that occurred in South Carolina. Thus, the majority of, if not all, physical evidence is located in South Carolina. The majority of the documents cited by the parties are also located outside of Texas, whether in Arkansas with Maverick or in South Carolina, where the accident occurred. This factor weighs in favor of transferring the case to South Carolina.

### ii. Availability of Compulsory Process to Secure the Attendance of Witnesses

Under the Federal Rules of Civil Procedure, a district court may enforce a subpoena issued "within 100 miles of where the person resides, is employed, or regularly transacts business in person" or to a nonparty witness "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A)–(B). In this case, Houston is over 1,000 miles away from where the parties reside. Indeed, neither side has listed a single witness that resides in Houston, or even the state of Texas.

Plaintiffs point out that Defendant did not provide any witness whom Defendant "would call live at trial and who would need to be subpoenaed and unwilling to voluntarily participate." (Doc. No. 19 at 20). Yet, Defendant did mention he would be unable to compel trial attendance of key witnesses, "[f]or example, the investigating officers for this accident." (Doc. No. 8 at 15).

The non-party witnesses provided by Defendant are located where the collision occurred, and are therefore "outside the [this District's] subpoena power for deposition under FED. R. CIV. P. 45(c)(3)(A)(ii)," and any "trial subpoenas for these witnesses to travel more than 100 miles would be subject to motions to quash under FED. R. CIV. P. 45(c)(3)." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008) (en banc), *cert. denied*, 555 U.S. 1172 (2009) ("*Volkswagen II*")). Moreover, "a proper venue that does enjoy absolute subpoena power for both depositions

5

and trial" is available—the District of South Carolina – Florence Division. *Id.* (emphasis in original).

Since the Court cannot subpoena key witnesses if necessary, and another court of proper jurisdiction could, this factor weighs in favor of transfer.

### *iii. The Cost of Attendance for Willing Witnesses*

The third private interest factor is the cost of attendance for willing witnesses. Plaintiffs implicitly argue that this factor weighs against transfer because:

> modern technology such as videoconference depositions reduces the need to travel for depositions making them no more burdensome or expensive than depositions held in-person where the witness resides; that federal courts have few in-person hearings requiring witness travel and attendance; the fact that most witnesses will be parties or paid experts for whom subpoenas will be unnecessary or who will willingly testify without a subpoena; that experts routinely travel to accident scenes to investigate the matter and prepare their reports and testimony; and that there is no source or proof which one will not have relatively easy access to regardless of which court the case sits in.

(Doc. No. 19 at 20).

> Nevertheless, the Fifth Circuit has found that:

> [w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment. Furthermore, the task of scheduling fact witnesses so as to minimize the time when they are removed from their regular work or home responsibilities gets increasingly difficult and complicated when the travel time from their home or work site to the court facility is five or six hours one-way as opposed to 30 minutes or an hour.

*Volkswagen I*, 371 F.3d at 204–05. As noted above, Houston is roughly 1,000 miles from the proposed venue, which significantly increases the inconvenience to the non-party witnesses. Moreover, Plaintiffs state that "most witnesses will be parties or paid experts for whom subpoenas will be unnecessary." (Doc. No. 19 at 20). Still, the convenience of expert witness is generally

entitled to little weight on a motion to transfer venue. *Mid-Continent Cas. Co. v. Petroleum Sols., Inc.*, 629 F. Supp. 2d 759, 763 (S.D. Tex. 2009). This is because experts will likely have to travel regardless of whether the venue is South Carolina or Texas. The Court should instead should "give greater weight to the availability of non-party, key witnesses." *Id.*

While the Court recognizes that in certain instances modern technology has reduced, to some degree, the need for witnesses to travel, South Carolina is surely a more convenient venue for the only acknowledged non-party, key witnesses than a court some 1,000 miles away. This factor weighs in favor of transfer.

### iv. All Other Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive

In analyzing this factor, courts consider whether transfer would cause a delay in litigation for the parties. *In re Radmax, Ltd.*, 720 F.3d 285, 289 (5th Cir. 2013). That said, "garden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer. Were it, delay would mitigate against transfer in every case." *Id.* Instead, the delay associated with transfer may be relevant "in rare and special circumstances," such that a transfer would cause another delay in protracted litigation. *Id.* (citing *In re Horseshoe Ent.*, 337 F.3d 429, 435 (5th Cir. 2003)). As nothing the parties have asserted moves the needle on this point, this factor is neutral.

### B. Public Interest Factors

Having found that the majority of the private interest factors weigh in favor of transfer, the Court now analyzes the public interest factors.

### i. Administrative Difficulties Flowing from Court Congestion

Although not weighing heavily in the Court's consideration, the Court notes that the District of South Carolina (which encompasses the entire state) and the Southern District of Texas

7

have similar caseloads.[4] Thus, the Florence Division, being one of eleven divisions in the District of South Carolina (and having two judges assigned to it), likely has fewer cases per judge than those judges sitting in the Southern District of Texas. Nevertheless, the burdens placed on individual courts by their assigned docket are almost impossible to compare. Therefore, without additional information, the Court considers this factor as neutral.

### ii. *Local Interest in Having Localized Interests Decided at Home*

"The interest in having 'localized interests' decided at home is particularly weighty in this tort action because '[t]he place of the alleged wrong is one of the most important factors in venue determinations.'" *Devon Energy Prod., Co. v. Global Santa Fe South Am.*, 2007 WL 1341451, at *8 (S.D. Tex. May 4, 2007) (quoting *Watson v. Fieldwood Energy Offshore, LLC*, 181 F. Supp. 3d 402, 412 (S.D. Tex. 2016)). Here, the alleged wrong took place in South Carolina. Neither party offers any reason why the Southern District of Texas might have a local interest in the case. For this reason, this factor weighs in favor of transfer.

### iii. *Familiarity of the Forum with the Law Governing the Case*

Under both Texas and South Carolina choice-of-law rules, South Carolina would most likely provide the substantive law to the resolution of this case. *See Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex. 1979) (holding the "most significant relationship" test of the Second Restatement applies to conflicts cases sounding in tort, which includes considering the place where the injury occurred); *Butler v. Ford Motor Co.*, 724 F. Supp. 2d 575, 581 (D. S.C. 2010) ("In applying the South Carolina choice of law provision, this Court must apply the law of the state where the injury occurred."). This Court has less familiarity with South Carolina law than a South Carolina court would have. As a result, this factor weighs in favor of transfer.

---

[4] See Federal Judicial Caseload Statistics 2024, United States Courts, https://www.uscourts.gov/cata-news/reports/statistical-reports/federal-judicial-caseload-statistics/federal-judicial-caseload-statistics-2024-tables.

*iv. Avoidance of Unnecessary Problems of Conflict of Laws*

The parties have not made arguments addressed to this particular factor. With Texas having seemingly little interest in applying its law to this action, the Court views this factor as a neutral.

### III.    Conclusion

The Court, having reviewed all of the factors applicable to the transfer analysis under § 1404(a), finds that the factors clearly weigh in favor of transfer. Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice," the Court hereby **TRANSFERS** this action to the Florence Division of the District of South Carolina. The Court will not consider any pending motions in the matter, leaving to the transferee Court the resolution of all further issues—including Plaintiffs recently filed motion for leave to amend their complaint to add Maverick as a Defendant.[5] (Doc. No. 24).

Signed at Houston, Texas, this  19th  day of December, 2024.

Andrew S. Hanen
United States District Judge

---

[5] Plaintiffs request leave to amend their complaint to add Maverick as a defendant. Maverick is also a non-resident of Texas. Thus, its inclusion, if granted, would not affect the Court's transfer of venue analysis.

9